UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY ARTHUR BERRY,

    *Plaintiff*,

*v.*

DOLORES TRESE,

    *Defendant*.
_____/

CASE NO. 16-CV-10174

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)

### I. RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that this case be *sua sponte* **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the complaint fails to state a claim on which relief may be granted.

### II. REPORT

#### A. Introduction

On January 19, 2016, Plaintiff Timothy Berry, filed this *pro se* Complaint. (Doc. 1.) This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) for pretrial case management on January 27, 2016. (Doc. 5.) Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) (Doc. 2), which was granted on February 3, 2016. (Doc. 6.) After screening the complaint, I conclude that the case is ready for Report and Recommendation.

Defendant is Dolores Trese an attorney employed by Legal Aid. (Doc. 1, at Pg. ID 1, 4.) Liberally construing Plaintiff's complaint, he appears to assert a federal civil rights claim under

42 U.S.C. § 1983 for violation of his due process, equal protection, First Amendment, and Seventh Amendment rights. Plaintiff alleges the following: (1) a violation of Plaintiff's Fifth Amendment rights by the issuance and enforcement of an ex parte order without just cause; (2) a violation of his Seventh Amendment right when he was denied the right to be heard by an impartial jury; (3) a violation of his Fourteenth Amendment right to due process by the taking of property without just cause; (4) a violation of his Fourteenth Amendment right to equal protection when video evidence that he submitted was dismissed; (5) a violation of his First Amendment right to freedom of religion and speech by a finding that he violated a "Parenting Time Order" because of his religious beliefs and statements; (6) a violation of his Fourteenth Amendment rights by the enforcement of "orders presented . . . as laws" regarding child placement and custody which required plaintiff to speak and act against his religion. (Doc. 1, at Pg. ID 4-5.) For these violations, Berry asks the court to vacate a November 23, 2015 decision, presumably entered by the Honorable Jon VanAllsberg, a state circuit judge in Ottawa County, Michigan; to reimburse plaintiff for expenditures (plus interest) on court fees, fines, legal services, transportation, and for personal time lost during travel and preparation; and to compensate Plaintiff (in the amount of $10,000 a day) and United States Soldiers (in the amount of the value of a soldier per year in Afghanistan) for pain and suffering. (Doc. 1, at ID 6.)

The undersigned magistrate judge previously recommended the *sua sponte* dismissal of two claims filed by Plaintiff against Judge VanAllsburg. *See* Case No. 15-cv- 14380, ECF No. 7; Case No. 16-cv-10005, ECF No. 6. Plaintiff has filed appeals in both of these cases. Case

No. 15-cv- 14380, ECF No. 8; Case No. 16-cv-10005, ECF No. 7. Plaintiff has filed four other cases which arise from the same circumstances and have been referred to this Magistrate Judge, including a second case against Defendant Trese. *Berry v. Armstrong*, Case No. 16-cv-10176, ECF No. 5; *Berry v. Ottawa Cnty. Jail*, Case No. 16-cv-10177, ECF No. 5; *Berry v. Smith*, Case No. 16-cv-10293; ECF No. 4; *Berry v. Trese*, Case No. 16-cv-10175, ECF No. 5. In addition, Plaintiff filed two claims naming this magistrate judge as the Defendant. *Berry v. Morris*, Case No. 16-cv-10170; Case No. 16-cv-10172. Both of these claims alleged that this magistrate judge aided and abetted Judge VanAllsburg and Attorney Dolores Trese in their conspiracy to violate his constitutional rights, thus breaking the Oath this magistrate took to support the Constitution. Case No. 16-cv-10170, ECF. No. 1; Case No. 16-cv-10172, ECF. No. 1. The basis of these claims was my recommendation to dismiss Berry's complaints against Judge VanAllsburg *sua sponte*. *Id.* These cases were dismissed on January 27, 2015, by Judge Ludington on the grounds of judicial immunity. Case No. 16-cv-10170, ECF. No. 5; Case No. 16-cv-10172, ECF. No. 5.

### B. Recusal

28 U.S.C. § 455(a) requires a judge to disqualify "himself in any proceeding in which his impartiality might reasonably be questioned." Federal judges also abide by the Code of Conduct for United States Judges, which is a set of ethical principles and guidelines adopted by the Judicial Conference of the United States. *See* Code of Conduct for United States Judges, http://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges (last visited

Feb. 1, 2016). In a published advisory opinion the Committee addressed the issue of forcing judges to recuse themselves by naming them in a lawsuit:

> A litigant with a case pending before a judge may respond to an adverse ruling by initiating a complaint against the judge. . . . A judge is not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant. Judicial immunity usually will be a complete defense against a new complaint of this nature, and the court in which the complaint is filed likely will dismiss it as frivolous. In such circumstances, the mere fact that a litigant has filed a new frivolous complaint against a judge based on the judge's official actions will not disqualify the judge from continuing to preside over the earlier, unrelated matter brought by the same litigant. The same holds true when a litigant who previously filed a complaint naming a judge subsequently files an unrelated case against others that is assigned to the named judge.
>
> Although there might be some question regarding the impartiality of the judge in these situations, Canon 3C(1) requires that the basis for questioning a judge's impartiality must be "reasonable" for the judge to be required to recuse. The factors the judge should consider in making the reasonableness determination are identified above, i.e., the nature of the complaint, the applicable law, and other relevant circumstances. A complaint filed against a judge that is subject to prompt dismissal on judicial immunity grounds will not ordinarily give rise to a reasonable basis to question the judge's impartiality in unrelated cases filed against others by the same litigant. Such a nonmeritorious complaint, standing alone, will not lead reasonable minds to conclude that the judge is biased against the litigant or that the judge's impartiality can reasonably be question, and thus will not require the judge to recuse.

2B *Guide to Judiciary Policy*, § 220, Advisory Opinion No. 103, at 185 http://www.uscourts.gov/rules-policies/judiciary-policies/code-conduct/published-advisory-opinions (last visited Feb. 1, 2016).

In this case, the Plaintiff named this magistrate judge as a Defendant after I recommended *sua sponte* dismissal of his complaints against Judge VanAllsburg. The District Court dismissed his complaint against me on the grounds of judicial immunity.

The current claim arises from the same circumstances as the complaints against Judge VanAllsburg, but names a different defendant. I see no reasonable basis for concluding that I would be prejudiced or biased in my consideration of the current complaint. *See, e.g.*, *White v. Stephens*, No. 13-cv-2173-JDT/tmp, 2014 U.S. Dist. LEXIS 138876, at *10 (11th Cir. 2007) ("The rule is that a judge is not disqualified from hearing a case merely because a litigant sues or threatens to sue him or her."); *In re Bush*, 232 F. App'x 852, 854 (11th Cir. 2007) ("A judge's rulings in a related case are not a sufficient basis for recusal, except where pervasive bias is shown."); *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("[E]ven if litigation against a judge is not for the purpose of disqualification, recusal is not automatic because suits against public officials are common and a judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit."). Thus I conclude that recusal is not necessary.

### C. Screening Procedure and Standards

In enacting the original IFP statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and that it *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action, it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**D.     Discussion**

It is not clear what role, if any, Defendant played in the constitutional violations alleged in this case. Plaintiff alleges that Defendant is an attorney with Legal Aid but does not indicate who she represented or how she personally was involved in the violation of his rights. Plaintiff's complaint only briefly mentions Defendant stating:

> On October 22nd 2015[,] [Defendant] participated in, AIDED AND ABETTED the unjust attempt to remove my parental rights to my son Baruch through an Ex Parte Order. Hon. Jon A. VanAllsburg granted the unjust order[] on October 29th 2015. On November 23rd 2015[,] Hon. Jon A. VanAllsburg conducted a Show Cause Hearing. In this hearing [Defendant] participated, AIDED AND ABETTED, and conspired with Hon. Jon A. VanAllsburg to violate my rights recognized by the constitution and Bill [of] rights. Given the fact that both

[Defendant] and Hon. Jon A. VanAllsburg have taken an Oath "to support this Constitution" it is clear that they have violated that Oath which constitutes an ACT OF TREASON which is a War Crime. . . .

(Doc. 1, at ID 4.)

I suggest that Defendant is not subject to suit under § 1983 because Plaintiff has failed to demonstrate that she is a state actor or that she was acting under color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 323 (1981) (holding that even though court-appointed defense counsel is paid by the state, he or she does not act under color of state law); *Hawkins v. Grunst*, 2011 U.S. App. LEXIS 26326, at *3 (6th Cir. July 27, 2011) (same). Thus I suggest that this complaint is subject to *sua sponte* dismissal.

Alternatively, in a civil rights suit, each individual defendant can only be held accountable for his or her own actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) ("Each defendant's liability must be assessed individually based on his own actions.") In this case, I suggest that the complaint is subject to *sua sponte* dismissal because Plaintiff only vaguely alleges that Plaintiff aided and abetted Judge VanAllsburg in the violation of his rights and does not specify what action she took.

### E. Conclusion

For the above reasons, I suggest that the Complaint should be *sua sponte* dismissed because Plaintiff has failed to state a claim upon which relief can be granted.

## III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(2)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 3, 2016                         S/ PATRICIA T. MORRIS
                                               Patricia T. Morris
                                               United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Timothy Arthur Berry at 3290 N. Meridian Road, Sanford, MI 48657.

Date: February 3, 2016                         By s/Kristen Krawczyk
                                               Case Manager to Magistrate Judge Morris

9